UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shayna Frederick, individually and of behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Wally Health, Inc. d/b/a Care By Wally,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Shayna Frederick (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant Wally Health, Inc. d/b/a Care By Wally ("Defendant"), and allege, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations, thereby invading Plaintiff's privacy. Plaintiff seeks relief specifically for claims brought under the Internal Do-Not-Call provisions of 47 C.F.R. § 64.1200(d)(3) and (6).

## PARTIES

2. Plaintiff Shayna Frederick, at all times mentioned herein was, a citizen and resident of the State of New York. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

3. Upon information and belief, Defendant is, and at all times mentioned herein was, a foreign corporation with its principal place of business located in New York, New York. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and in the County of New York, and within this judicial district.

4. Defendant is and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(10).

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

7. The Court has personal jurisdiction over Defendant because: (i) its principal place of business is located in New York, New York; (ii) it conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**LEGAL BASIS FOR THE CLAIMS**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

11. The TCPA also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

12. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

13. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person

3

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

15. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

---

called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

17. With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.Sda

18. Finally, the TCPA established the National Do-Not-Call list, as well as the requirement that all businesses that place calls for marketing purposes maintain an "internal" Do-Not-Call list ("IDNC list"). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id*. at§ 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

## FACTUAL ALLEGATIONS

19. Defendant is a membership-based dental care business that provides dental cleanings and preventative care for consumers.

20. For $199 a year, Defendant's membership provides unlimited cleanings and check-ups both virtually and at its studios.

21. In Defendant's overzealous attempt to market its services to the public, however, Defendant knowingly and willfully transmitted (and continues to transmit) unsolicited telemarketing text messages after being asked to stop such practices over and over again.

22. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class (as defined below).

23. Defendant's unsolicited telemarketing also disturbed the solitude of Plaintiff and members of the Class (as defined below).

## FACTUAL ALLEGATIONS AS TO THE PLAINTIFF

24. Defendant has sent *multiple* text messages to Plaintiff on her cellular telephone ending in – 1854 ("Cell"), between June 2023 and the present, from the telephone number (855) 935-3395.

25. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

26. Plaintiff did not provide Defendant with her Cell at any point in time, nor did she give permission for Defendant to message it.

27. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

28. Plaintiff did not have a personal relationship with Defendant at any point in time.

29. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's Cell for marketing or solicitation purposes.

30. Upon information and belief, Defendant did not make the telephone solicitations in error.

31. On multiple occasions, Plaintiff repeatedly requested that Defendant stop transmitting unsolicited telemarketing text messages to her Cell.

32. Despite these requests, Defendant continued to transmit unsolicited text messages to Plaintiff over and over again.

33. Defendant left Plaintiff with no choice but to file this lawsuit to prevent further harassment.

34. By way of example only, Plaintiff responded "STOP" to several text messages from June through the present day as follows but continues to receive unsolicited text messages as follows:

## ----INTENTIONALLY BLANK ----



**(855) 935-3395**

are selling fast. Get yours today:

https://klv3.io/0/a3bt2X

Text STOP to opt-out.

(855) 935-3395 • Jun 8 at 10:52 PM

Wally: Our members report their smiles are 3x more sexy after their first cleaning.

Join and book your first visit:
https://klv3.io/0/a4vsDg

Text STOP to opt-out.

(855) 935-3395 • Jun 9 at 10:51 PM

Stop

Jun 9 at 10:52 PM

Wally: Our best deal ever is here for the next 48 hours 🎉 Get $25 off your Wally membership for unlimited dental cleanings and whitening.

Ends Friday at 11:59pm or when founding memberships run out:
app.carebywally.com/join?code=JUN25&utm_source=refe

Type a message



**(855) 935-3395**

(855) 935-3395 • Aug 30 at 9:41 AM

STOP

I'm going to report this if it continues

Aug 30 at 9:48 AM



Wally: Fall is here and our best deal is back for 48 hours 🍂 Get $25 off your founding membership for unlimited dental cleanings and whitening.

Ends Saturday @ 11:59pm or when founding memberships run out:

carebywally.com/join?code=SEP25&utm_source=referral
Text STOP to opt-out.

(855) 935-3395 • 10:31 AM

If you text me again I am filing a suit

STOP

STOP

12:35 PM

Type a message





35. Upon information and belief, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

36. Upon information and belief, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

37. Defendant failed to place Plaintiff on the do-not-call list, despite her requests to not be contacted. Instead, Defendant continued to transmit text messages to Plaintiff's Cell, in violation of 47 C.F.R § 64.1200(d)(3).

38. By its actions, Defendant also violated 47 C.F.R § 64.1200(d)(6).

39. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

40. Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

41. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. See 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of:

> All persons in the United States who, after notifying Defendant that they no longer wished to receive calls and/or texts from, or on behalf of, Defendant, received one or more calls and/or texts from or on behalf of Defendant from November __, 2019 to the date that class notice is disseminated.

43. Plaintiff reserves the right to modify the definitions of the Class as warranted as facts are learned in further investigation and discovery.

44. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

45. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

 a. Whether Defendant maintains an "internal" Do-Not-Call list;

 b. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class who requested that they stop contacting them;

 d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

 e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

49. As a person who received numerous telephone solicitations from Defendant after requesting that such conduct cease, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

50. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the

size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### ON BEHALF OF PLAINTIFF AND CLASS

54. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA and its related regulations.

56. Specifically, the regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of person who request not to receive telemarketing calls…" 47 C.F.R. § 64.1200(d).

57. The same regulations provide that the person or entity must have a written do-not-call policy, available upon demand, and must inform and train all persons engaged in telemarketing on the existence and use of the "do-not-call" list.

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF THE PLAINTIFF AND CLASS

60. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, and its related regulations.

62. Specifically, the regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of person who request not to receive telemarketing calls…" 47 C.F.R. § 64.1200(d).

63. The same regulations provide that the person or entity must have a written do-not-call policy, available upon demand, and must inform and train all persons engaged in telemarketing on the existence and use of the "do-not-call" list.

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

65. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

b. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
November 28, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____

Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

**LAW OFFICES OF TODD M. FRIEDMAN, PC**
Todd M. Friedman, Esq.
(Pro hac Vice Application Forthcoming)
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
tfriedman@toddflaw.com

*Attorneys for Plaintiff*

18